1  Mette H. Kurth (SBN 187100)
2  **Fox Rothschild, LLP**
   1800 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone:    310.598.4150
4  Facsimile:    310.556.9828
   E-mail:mkurth@foxrothschild.com
5
6  *Proposed* Counsel for the Official
   Committee of Unsecured Creditors
7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                    **NORTHERN DIVISION**

11
   In re:                              Case No. 9:15-bk-10251-DS
12
13 **CLEARWATER NURSERY, INC.,**       Chapter 11

14                                     **APPLICATION OF OFFICIAL
                                       COMMITTEE OF UNSECURED**
15        Debtor and Debtor in Possession. **CREDITORS FOR ORDER APPROVING
                                       THE EMPLOYMENT OF CORPORATE**
16                                     **RECOVERY ASSOCIATES, LLC AS
                                       BUSINESS AND FINANCIAL ADVISOR**
17                                     **FOR THE COMMITTEE EFFECTIVE
                                       AS OF MAY 19, 2015; DECLARATIONS**
18                                     **OF ALEXANDER PIJL AND RICHARD
                                       J. FEFERMAN**
19
20                                     *[No Hearing Required Unless Requested
                                       Pursuant to L.B.R. 2014-1(b)]*
21

22
23        The Official Committee of Unsecured Creditors (the "Committee") in this case submits this

24 Application (the "Application") to employ Corporate Recovery Associates, LLC ("CRA") as its

25 business and financial advisor effective as of May 19, 2015. In support, the Committee submits the

26 annexed declarations of Richard J. Feferman, CRA's Senior Managing Director, and Alexander

27 Pijl, the Committee's Chairperson, and respectfully represents as follows:

28

30544851v1

# I.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

# II.

## RELIEF REQUESTED

2.      The relief sought in this Application is based upon section 327(a) of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2104(a) and 2016(b).  The Committee seeks entry of an order authorizing it to employ CRA as its business and financial advisor effective as of May 19, 2015 at the expense of the debtor's estate, and approving its hourly rates concurrently with its retention. The Committee has not previously applied to this Court, or any other Court, for the relief requested herein.

# III.

## BASIS FOR RELIEF

3.      Bankruptcy Code sections 1103(a) and 1103(b) permit a Committee to employ professionals who do not, while employed by the Committee, represent any other entity with an adverse interest in connection with the case.[1] Bankruptcy Code section 328(a) permits a Committee to employ such professionals on any reasonable terms and conditions. The Court may allow different compensation after the professional's employment concludes only if the original terms and conditions prove improvident in light of developments that could not have been anticipated.[2] Here, CRA is requesting that its hourly rates (and only its hourly rates) be approved concurrently with its retention, as permitted by Bankruptcy Code section 328(a). In all other respects, CRA's compensation in this case will be subject to review and approval pursuant to Bankruptcy Code

---

[1]  11 U.S.C. § 1103(b). Representing one or more creditors of the same class represented by the Committee does not *per se* constitute the representation of an adverse interest. *Id.*

[2]  11 U.S.C. § 328(a).

2

30544851v1

section 330(a), which states that the Court may award to a professional person employed under Section 1103 (or Section 327) "reasonable compensation for actual, necessary services rendered by the . . . professional person" and reimbursement for actual, necessary expenses.

4.      As required by Bankruptcy Rule 2014(a), this Application describes: (a) the facts showing the need for CRA's employment; (b) the reasons the Committee selected CRA as its counsel; (c) the professional services that CRA will provide; (d) the agreement between the Committee and CRA regarding CRA's compensation; and (e) to the best of the Committee's knowledge after due inquiry, the extent of CRA's connections, if any, to certain parties in interest in this matter as set forth in the Declaration of Richard J. Feferman (attached hereto).

**IV.**

**STATEMENT OF FACTS**

**A.      Background**

5.      On February 11, 2015, Clearwater Nursery, Inc. filed a voluntary bankruptcy petition with this Court under Chapter 11 of the Bankruptcy Code.

6.      The Office of the United States Trustee appointed five members to the Committee pursuant to Bankruptcy Code section 1102 and filed a *Notice of Appointment* on March 20, 2015 [Dkt. #61]. The Committee members and their representatives are: Decowraps (c/o Mendez Law Offices), The Arbory, Ltd. (Alexander Pijl), Fred C. Gloeckner & Co. (Yves Grebert), Custom Labor Services, Inc. (Jesus), and Robert Mann Packaging, Inc. (Mark Comer).

7.      Following its appointment, on May 19, 2015, the Committee selected Alexander Pijl as its Chairperson.

**B.      CRA's Qualifications**

8.      The Committee selected CRA as its counsel because of the firm's expertise in the areas of insolvency, business reorganization, and debtor/creditor matters.[3] because Mr. Feferman and the employees of CRA possess considerable experience in matters of this nature and are well

---

[3]      The terms in this Application represent the terms agreed upon between CRA and the Committee.

3

qualified to represent the Committee in this case. Mr. Feferman has over thirty-four years' experience as a financial analyst, specifically in area of business feasibility, with an emphasis on debtors in bankruptcy since the mid-1990s (approximately twenty years). Moreover, Mr. Feferman, and other CRA employees have extensive experience in the representation of creditors' committees. During the past five years CRA and its principal Mr. Feferman have served in various capacities, including financial advisor to the chapter 7 trustee in one case and business and financial advisor in numerous business chapter 11 cases. Mr. Feferman's experience includes the examination of complex financial matters in which cash flow must be determined, projected, and the viability of going concerns assessed.

9.      While Mr. Feferman has worked closely with counsel on numerous cases to prepare for contested hearings, Mr. Feferman is a financial analyst and not a professional expert witness.

10.      Mr. Feferman, is in good standing as a current member of the Association of Insolvency and Restructuring Advisors and is a Certified Insolvency and Restructuring Advisor.  A copy of Mr. Feferman's biography is attached as **Exhibit 1**.

11.      The professional services CRA will render for the Committee include, but are not limited to, an initial investigation of the Debtor's assets, finances, liabilities, sources of recovery (including but not limited to prospective avoidance actions) and cash position, with additional financial analysis to be provided at the Committee's specific request including, without limitation, analysis at the plan stage of the case.

12.      CRA proposes to bill at normal hourly rates for its professional staff involved in representing the Committee, subject to **a fee cap of $275.00 per hour on the blended rate** on its final application for payment of fees and costs. Below are the usual and customary rates of the individuals CRA expects to be involved in this matter:

| Professional | Standard Hourly Rate |
|---|---|
| Richard J. Feferman | $650.00 |
| Alan Myers | $235.00 (Non- Litigation)/$285.00 (Litigation) |
| Directors | $425.00 – $800.00 |

4

| Professional | Standard Hourly Rate |
|---|---|
| Associates | $175.00 - $500.00 |

13.     CRA also requires reimbursement for actual, necessary expenses incurred in representing the Committee.

14.     The expenses charged to clients include, among other things, telephone and telecopy, travel, and other travel-related charges.

15.     Subject to this Court's approval of the Application, the Committee has agreed to the employment of CRA as business and financial advisor at the hourly rates set forth above with such compensation to be paid in accordance with 11 U.S.C. §§ 328, 330 and 331 and Bankruptcy Rule 2016 and other orders of this Court.

16.     There is no agreement of any nature, other than with respect to the employees and principals at CRA, as to the sharing of compensation to be paid to CRA.

17.     CRA was not paid any retainer with respect to this engagement.

**C.      <u>Disinterestedness of the Firm</u>**

18.     CRA has conducted a thorough search of its conflicts check system based on the information received to date, and CRA attorneys have made diligent efforts to search the firm's records and assemble pertinent information regarding CRA's connections with the Debtor, the Debtor's creditors, parties-in-interest, and the Debtor's professionals.

19.     To the best of CRA's knowledge, after diligent inquiry, it is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) and the firm does not hold any interest adverse to the estate. To the best of the firm's knowledge: (a) it has not represented the debtor; (b) neither CRA nor any of its directors or associates represents any interest adverse to the debtor, the debtor's estate, or the Committee in the matters on which it is to be retained; (c) neither CRA nor any of its directors or associates is a creditor, equity security holder, or an "insider" of the debtor as that term is defined in Bankruptcy Code section 101(31); and (d) neither CRA nor any of its directors or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

30544851v1

Case 9:15-bk-10251-DS    Doc 85    Filed 06/19/15    Entered 06/19/15 15:34:33    Desc
Main Document    Page 6 of 25


20.     CRA has conducted a conflicts check within the firm's database and, thus far, the firm has not encountered any creditors in this case where an actual conflict exists between the firm and such creditor. CRA will supplement these disclosures if further material connections are discovered regarding persons or entities that later become identified as parties in interest in this case.

21.     CRA appears in unrelated cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent creditors or Parties-In-Interest in this matter. The Office of United States Trustee appears in each bankruptcy matter in which CRA appears. Aside from this, there is no known connection with the Office of United States Trustee or any of its attorneys or the bankruptcy judge in this case.

22.     Except as otherwise disclosed to this Court, CRA has not, and will not, represent any creditors of the debtor or other parties-in-interest in connection with the debtor or this case, or have any relationship with any such entity that would be adverse to the debtor or the debtor's estate.

## IV.
## NOTICE AND NO PRIOR REQUEST

23.     Notice of this Application has been provided to: (a) the Office of the United States Trustee; (b) the debtor's counsel; and (c) all other persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee represents that such notice is sufficient, and it requests that this Court find that no further notice is necessary or appropriate.

## V.
## CONCLUSION

24.     The Committee believes that the employment of CRA would be in the best interest of this estate. The Committee bases this belief, without limitation, upon the specific experience and knowledge of Mr. Feferman due to his prior representation of creditors and creditor committees in this and other bankruptcy cases, and that the general expertise and skill of CRA will greatly assist the Committee in moving this case forward.

6


30537581v1

1

2       **WHEREFORE**, the Committee respectfully requests entry of an order authorizing the

3   relief requested herein and granting the Committee such other and further relief as is just and

4   proper.

5   Dated: June 18, 2015

6

7

8

9

10  Submitted by:

11

12  Dated: June 18, 2015

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS

By: _____ Alex Pijc

Alexander Pijl
Chairperson

FOX ROTHSCHILD, LLP

By: /s/ Mette H. Kurth
Mette H. Kurth
Proposed Attorney for the Official
Committee of Unsecured Creditors

30537581v1

7

1

### DECLARATION OF ALEXANDER PIJL

I, Alexander Pijl, declare that:

1.  I am an individual over the age of 21 and a member of the Official Committee of Creditors holding unsecured claims in the Clearwater Nursery, Inc. bankruptcy case.

2.  On March 20, 2015, the Office of the United States Trustee formed the Committee. The Committee members elected me as the Chairperson of the Committee.

3.  On May 19, 2015, the Committee selected CRA to represent the Committee as its business and financial advisor on the terms set forth in the Application. Based upon the Declaration of Richard Feferman filed herewith, I am satisfied that no conflicts exist that would disable CRA from representing the Committee and that CRA is a disinterested person.

Dated: June 18, 2015

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: _Alex Pijc_____
   Alexander Pijl
   Committee Chairperson

30537581v1

8

### DECLARATION OF RICHARD FEFERMAN

I, Richard Feferman, declare that:

1.      I am CRA's Senior Managing Director, and CRA's mailing address is 3830 Valley Centre Drive, Suite 705-152; San Diego, CA 92130. The telephone number and facsimile numbers are (858) 792-7473 and (858) 430-2454, respectively.

2.      I am fully familiar with the facts in this Declaration, and I am authorized to make this Declaration on behalf of CRA. The information contained in this Declaration is based on my own personal knowledge, conversations with CRAs employees, or derived from my review of the file in this case or other public filings or documents.

3.      I submit this Declaration in support of the foregoing Application of *Official Committee of Unsecured Creditors for Order Approving the Employment of CRA LLP as Business and Financial Advisor for the Committee Effective as of May 19, 2015* and to provide disclosures under Bankruptcy Code sections 504 and 1103 and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure.

4.      Insofar as I have been able to ascertain, after diligent inquiry, except as otherwise described herein, the directors and associates of CRA are disinterested parties within the meaning of Bankruptcy Code section 101(14) and have no interest adverse to the Committee, the Debtor's estate, the Debtor's creditors, or any other party-in-interest herein or their respective attorneys and accountants with respect to matters for which CRA is to be engaged. Although CRA from time to time may have represented or in the future may represent various entities that are creditors of the Debtor or otherwise had or have an interest in this proceeding in matters wholly unrelated to this proceeding, CRA will not represent those creditors or parties in connection with this Chapter 11 case.

5.      On March 11, 2015 the Debtor filed its *Schedules of Assets and Liabilities and Statement of Financial Affairs* [Dkt. No. 55]. CRA is in the process of reviewing the Schedules to identify all parties in interest in this case and to identify and disclose any connections that it may have to these parties in interest. Although it is not possible to guarantee that each and every connection is disclosed, CRA will file a supplemental declaration regarding any connections as

soon as practicable, and it will file supplemental disclosures if it becomes aware of any additional connections.

### CRA's Conflict Check System

6.        In preparing this Declaration, I have reviewed the names of the known parties-in-interest in this matter (the "Parties-in-Interest") and compared it with records CRA maintains listing the known parties-in-interest from other cases in which CRA has worked. The list of the Parties-in-Interest was obtained by CRA from the papers filed in this case by the debtor. CRA maintains and systematically updates its records in the regular course of the firm's business, and it is the firm's regular practice to make and maintain these records. Accordingly, the database is regularly updated for every new matter undertaken by CRA.

7.        CRA has conducted a conflicts check within the firm's database and, thus far, the firm has not encountered any creditors in this case where an actual conflict exists between the firm and such creditor. CRA will supplement these disclosures if further material connections are discovered regarding persons or entities that later become identified as parties in interest in this case.

8.        The Parties-in-Interest that CRA submitted to its conflict database and with respect to which it has completed its conflict search include:

a)        The debtor, Clearwater Nursery, Inc.;

b)        The debtor's insiders, Jafroodi Properties, L.P., Azar Jafroodi, Mahmood Jafroodi, John E. Djafroodi; the 1980 Jafroodi Family Trust U/D/T dated 1;

c)        Secured Creditor Farm Credit West, PCA;

d)        The debtor's 20 largest unsecured creditors: Decowraps, The Arbory, Ltd., Fred C. Glockner & Co., Custom Labor Services, and Robert Mann Packaging, Inc., Ramirez, *et. al.*, Chris Brumfield, Carolina Ramirez, Luis Gocabar, Nelly Gonzales, Margarita Hernandez, Rigoberto Saavedra, Liney Silva;

e)        The Official Committee of Unsecured Creditors for Clearwater Nursery, Inc. and its members, Decowraps, The Arbory, Ltd., Fred C. Glockner & Co., Custom Labor Services, and Robert Mann Packaging, Inc.

f)        The Office of the United States Trustee;

g)        Counsel for the debtor, Hollister & Brace, P.C.; and

30544851v1

h)    Counesl for Farm Credit West, PCA, Lang, Richert & Patch.

**CRA's Relationship With Parties-In-Interest In Unrelated Matters**

9.    CRA appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent creditors or Parties-In-Interest in this matter. CRA has previously worked on cases alongside and adverse to counsel for the Committee. Various entities whose name includes the words "American Express" are creditors in cases in which CRA serves as financial advisor to creditors' committees, Plan Agent, and Liquidating Trustee. The Office of United States Trustee appears in each bankruptcy matter in which CRA appears. Aside from this, there is no known connection with the Office of United States Trustee or any of its attorneys or the bankruptcy judge in this case.

10.    Except as otherwise disclosed to this Court, CRA has not, and will not, represent any creditors of the debtor or other parties-in-interest in connection with the debtor or this case, or have any relationship with any such entity that would be adverse to the debtor or the debtor's estate.

**Normal Hourly Rates and Disbursement Policy**

11.    CRA has not agreed to share any compensation it may receive with another party or person, other than with the directors and associates of CRA, or to share any compensation that another person or party has received or may receive.

12.    Subject to this Court's approval in accordance with Bankruptcy Code section 330(a), CRA will charge for its business and financial services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith, including telephone, telecopy, travel and other related charges. Subject to the below, the Committee has agreed to CRA's current hourly rates for work of this nature: (a) Directors, $425-$800; (b) Associates, $175-$500. My usual hourly rate is $650, but for purposes of this engagement I have agreed to **a fee cap of $275.00 per hour on the blended rate** on CRA's final application for payment of fees and costs.  It is CRA's current

11

policy that if its personnel are traveling while not working on an aircraft or train, non-working travel time will not be charged.

13.     The rates set forth above are subject to periodic review and adjustment and are set at a level designed to fairly compensate CRA for the work of its directors and associates. It is CRA's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone, telecopier, and other charges, mail and express and overnight mail charges, special or hand delivery charges, photocopying charges, travel expenses, and computerized research and transcription costs. CRA will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to CRA's other clients. CRA will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any Orders of this Court.

14.     CRA did not receive a retainer with respect to its proposed representation of the Committee.

15.     The terms set forth in the Application represent the terms agreed upon between CRA and the Committee.

16.     CRA will not represent any entity other than the Committee in this chapter 11 case.

17.     I believe that based upon the information available to me, and except as otherwise described herein, CRA holds no interest adverse to the Committee, the debtor, the debtor's estate, or its creditors as to the matters in which it is to be employed other than the representation of the Committee. I believe that CRA's is a "disinterested person" as defined in Bankruptcy Code section 101(14). I know of no reason why CRA cannot act as counsel for the Committee. The foregoing constitutes the statement of CRA pursuant to Bankruptcy Code section 1103, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014–1.

///

///

///

30544851v1

1  I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct.

3      Executed this _18th_ day of June, 2015.

4

5                              Richard J. Feferman

6                              Corporate Recovery Associates, LLC

7                              *Proposed* Business and Financial Advisor for the
                               Official Committee of Unsecured Creditors

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                          14

3016328Iv1

# EXHIBIT 1

## Corporate Recovery Associates, LLC
## Professional Qualifications – Senior Staff

### Richard J. Feferman, Senior Managing Director

During the past 25 years Mr. Feferman has developed an expertise in the financial analysis of claims against highly leveraged, distressed companies, ponzi scheme promoters, and third parties to related transactions. He has extensive "hands-on" experience in the analysis and restructuring of financially troubled companies and the multiparty negotiations that are usually necessary to reach a consensus on a plan of reorganization. He is well versed in the analysis of valuation issues and plan feasibility, the liquidation of estate assets, the financial analysis of asset misappropriation, and has advised creditors (as well as creditor committees) in a variety of industries including agriculture, energy, information technology, health care, manufacturing, restaurants, retailing, publishing, hotels, and real estate.  Additionally, Mr. Feferman conducts special purpose financial examinations of commercial transactions.

Before founding Corporate Recovery Associates, Mr. Feferman was an advisor to the owners of one of the largest private farming operations in the United States and a Senior Associate at Business Valuation Services an international firm specializing in the valuation of business interests. Mr. Feferman was an instructor at the University of California, San Diego where he taught Financial Decision Making as part of the Division of Professional Studies Financial Management Program.

Mr. Feferman attended the University of Colorado where he played football for the Colorado Buffaloes. While playing football for Colorado he suffered a career ending neck injury. He went on to graduate from the Edwin L. Cox School of Business at Southern Methodist University. He completed a lengthy apprenticeship to the former Director of Corporate Real Estate for the IBM Western Region, where he advised corporate clients on commercial leasehold matters. Mr. Feferman is a Certified Insolvency and Restructuring Advisor (CIRA) and a graduate of the Forensic Accounting Academy (National Association of Certified Valuation Analysts / Consultants' Training Institute – Salt Lake City, UT).

He is married to Stacey D. Fulhorst, Executive Director of The City of San Diego Ethics Commission.

**REPRESENTATIVE PROFESSIONAL EXPERIENCE**

**GTL (USA), Inc.**
**United States Bankruptcy Court for the Eastern District of Texas**
**Business and Financial Advisor to the Unsecured Creditors Committee**
Concerned with preserving cash for the benefit of creditors, the committee in this case
has chosen Corporate Recovery Associates, LLC because of its demonstrated ability to
quickly and cost effectively assess the viability of this debtor and to advice the
Committee on restructuring and liquidation alternatives.

**S. T. Moll, Inc., Debtor in Possession**
**United States Bankruptcy Court for the Central District of Texas**
**Financial Advisor to the Debtor**
Prior to the employment of Corporate Recovery Associates, this debtor's restructuring
had not progressed as anticipated. Corporate Recovery Associates identified a number of
areas where costs could be reduced. As a result leases and contracts where renegotiated
resulting in significant savings. Management was reorganized and refocused on
increasing sales, which have been driven up 14% for the second half of 2014 v the same
period in 2013. In open court the Judge said, "Mr. Feferman, you have more than earned
your fees".

**MTI Technology Corporation, Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
**Chief Executive Officer, Plan Agent & Disbursing Agent**
Mr. Feferman was appointed as Chief Executive Officer of this successfully reorganized
company that is preparing to make substantial payments to unsecured creditors.
As a member of the Committee's team of professionals Mr. Feferman has played a key
role in identifying and collecting a preferential transfer to a secured creditor, which has
resulted in the recovery of approximately $3,200,000 to the bankruptcy estate.
Additionally Mr. Feferman has worked successfully with the Debtor to see that overhead
has been reduced; Estate assets have been efficiently recovered and liquidated; and that
recoveries are maximized for the benefit of creditors.

**Trade Union International Inc. and Duck House Inc.**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
Until Corporate Recovery Associates' involvement in this case, involving a manufacturer
of automobile parts and consumer products, unsecured creditors were to be paid 50% on
the dollar over time. As a result of Corporate Recovery Associates work, the Debtors
agreed to pay general unsecured creditors 94% on the dollar along with providing
collateral, guarantees, and agreeing that the release of insiders is subject to the payments
as agreed to without default.

**McGrath's Publick Fish House, Inc.**
**United States Bankruptcy Court for the District of Oregon**
**Business and Financial Advisor to the Official Committee of Creditors**
In this successfully reorganized case Corporate Recovery Associates was directly
responsible for derailing a Debtor's plan that contemplated a significant transfer of
property to the Debtor's principal at the expense of unsecured creditors. Corporate
Recovery Associate's work resulted in the Debtor agreeing to up front cash payments to
general unsecured creditors.

**Levelland-Hockley County Ethanol, LLC**
**United States Bankruptcy Court for the Northern District of Texas**
**Representative to the Official Committee of Creditors**
In this complex energy / agribusiness case Mr. Feferman advises members of the
committee on the viability of the Debtor's operations and the development of strategies
aimed at generating financial recoveries from alternative sources.

**Perkins & Marie Callender's, Inc. et al**
**United States Bankruptcy Court for the District of Delaware**
**Representative to the Official Committee of Creditors**
In this successful reorganization Mr. Feferman was responsible for initiating and
conducting the due diligence investigation that revealed the criminal background
(conversion of more than $300,000.00) of an individual playing a major role in the case.
Mr. Feferman's investigation resulted in the removal of the individual from consideration
as a candidate for the role of a fiduciary with financial responsibility for the welfare of
creditors.

**FS Bravo Ranch Limited Partnership, Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Business and Financial Advisor to the owner of the associated farming operation /**
**50% fractional interest in the Senior Secured Loan**
Bankruptcy of an approximately 8,000-acre master plan development in Imperial County
that was related to a ponzi scheme. Renegotiated terms of loan, cash collateral, provided
litigation support on ordinary course defense of preference action.

**Verified Identity Pass, Inc.**
**United States Bankruptcy Court for the Southern District of New York**
**Business and Financial Advisor to the Official Committee of Creditors**
Mr. Feferman was responsible for developing auction procedures that resulted in a heated
bidding war for the intellectual property and leaseholds of this provider of biometric
security services.

**Creative Capital Leasing Group, LLC**
**United States Bankruptcy Court for the Southern District of California**
**Business and Financial Advisor to the Trustee**
**Business and Financial Advisor to the Official Committee of Creditors**

In this ongoing case Mr. Feferman manages the assignment of the firm as Business and Financial Advisor.

**Boston West, LLC, Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
Bankruptcy case of the Southern California franchisee of the Boston Market restaurant chain. Negotiated the transfer of assets for the benefit of unsecured creditors in a case in which the Debtor's acquirer proposed a dividend equal to zero. Orchestrated the successful auction and disposition of estate assets in a compressed time period. During the wind-up Mr. Feferman supervised the analysis of preferential transfers.

**Steakhouse Partners, Inc. et al, Debtor's in Possession**
**United States Bankruptcy Court for the Central District of California**
**Financial Advisor to the Official Committee of Creditors**
In this ongoing case of a publicly held chain of steakhouses, Mr. Feferman was responsible for devising the tactics and strategy to market for sale this business to over 30,000 prospective buyers in less than 30 days with a very small budget. Mr. Feferman also identified significant problems with the Debtors' information and accounting systems and worked with the Debtors' Chief Financial Officer and secured lender to implement an interim cash flow reporting system, which was used during the disposition process.

**RTA Desert, Inc.,  Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
This debtor's management proposed a plan of reorganization to transfer value to themselves at the expense of unsecured creditors. With Mr. Feferman's assistance, the creditors committee renegotiated with the debtor's management a consensual plan that resulted in the successful sale of business and real property assets.

**Select Software Tools, Inc. Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Unsecured Creditor**
Negotiated major revisions to plan of reorganization resulting in the payment of 100% dividend to a broad group of unsecured creditors whose claims had previously been barred.

**Harry R. Eberlin, Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Chairperson's representative to the Official Committee of Creditors**

This estate liquidated over 100 separate parcels of real property spread across the country. Mr. Feferman's work resulted in the debtor disbanding a flawed tax strategy; and a secured creditor agreeing to subordinate its claim to unsecured creditors.

**500 West Broadway, L.P.,  Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
After the Debtor proposed a plan of reorganization, Mr. Feferman recommended that his client challenge the plan on feasibility issues. This resulted in the Debtor providing more cash for operations. Unsecured creditors were given the right to elect an immediate cash payment or a payment over time with interest.

# Stephen P. Bick, Director

Mr. Bick received his BA in Economics and Business Finance from the University of Cape Town in 1987.  He is a Chartered Financial Analyst (CFA), a Certified Management Accountant (CMA), and Certified Insolvency and Restructuring Advisor (CIRA) and a Registered Investment Advisor (RIA).  Mr. Bick's diverse business background has enabled him to gain invaluable business valuation and financial consulting experience. Mr. Bick previously worked as a turnaround strategist with Kroll Zolfo Cooper were he performed business valuations, analyzed the risk in energy trading strategies and was involved with developing plans of reorganization for multi-billion dollar companies.  He also ran a $500 million bond fund in London for two years for a German insurance company, and worked as an analyst for six years dealing in private and public equity business valuations, commercial litigation and bankruptcy.  During his career he also founded a construction company and returned two others to profitability.

Mr. Bick has been quoted in the San Diego Union Tribune, and has written articles for the Association for Corporate Growth.  He lectures on business valuations, accounting and equities at the University of California San Diego Extension program and on equity investments and alternative and international investment strategies for Allen Resources in Providence, Rhode Island.  He was inducted into the National Register's Who's Who in Executives and Professionals in February 2004.

Mr. Bick concentrates his consulting practice on company turnaround projects and the valuation of business interests, securities and intangible assets.  He has provided valuations for bankruptcy and turnarounds, gift and estate tax, employee stock option plans, transaction and financial planning, and litigation support in a wide variety of

industries, including hi-tech, software, biotechnology, e-commerce, trucking, energy, leisure, airline, refractory, construction and telecommunications.

He has performed valuations on all levels of operations, from start-up to mature, in the United States and abroad, and solvent to insolvent.  In addition, Mr. Bick has analyzed and presented the merits of business strategies and plans to board members and company owners on numerous occasions.

**REPRESENTATIVE BANKRUPTCY EXPERIENCE**

**Aquila Energy (Kansas City, MO) -** Performed the analysis on the Aquila trading book of more than $200 million where he was the primary Kroll Zolfo Cooper employee overseeing and evaluating the book.  The analysis was included in the restructuring plan.

**Einstein's Bagels (Jersey City, NJ) -** Performed the business valuation for the plan of reorganization.

**Metabolife (San Diego, CA) -** Performed a business evaluation and presented findings to management regarding exit strategies and reorganization.

**Swiss Air (Palmdale, CA) -** Performed a financial analysis of the liquidation of the Swiss Air repair facility in Palmdale.

**Pipkin Trucking, Inc. (El Centro, CA) -** Performed the business valuation for presentation at trial.

**RHI - North American Refractories (Pittsburgh, PA) -** Performed the business valuation for inclusion in the proposed reorganization plan.

## Alan Myers, Senior Accounting Analyst

Mr. Myers is a Certified Public Accountant and a Certified Forensic Accountant. He specializes in Bankruptcy Accounting. In addition to his employment with Corporate Recovery Associates, he is an active sole practitioner. Mr. Myers has substantial hands on experience in all phases of bankruptcy accounting and in the forensic analysis of business and banking records. He also manages over $4,000,000 in deposits for Chapter 7 trustees. He has extensive experience in the investigation of "hidden assets". Mr. Myers received a B.S. in Accounting With Distinction from San Diego State University (San Diego, CA – 1978).

**Representative Professional Experience**

Analyze bank records, financial data and corporate documents in connection with bankruptcy related litigation. Tasks include preparation of general ledgers, financial statements and extensive supporting working papers, all from source documents.

Analyze financial instruments in connection with debtor-in-possession ("DIP") representation.

Prepare DIP distribution worksheets concerning plans of reorganization and involved in complex lease negotiations.

Litigation support and evidentiary declarations for avoidable transfer litigation.

Litigation support and evidentiary declarations in tax claims objections.

Prepare Chapter 11 DIP operating reports and tax returns and wide-ranging financial analysis of various asset dispositions.

Consult with Trustees and attorneys regarding tax implications resulting from the sales of estate assets.

Experienced Chapter 11 Examiner to review the operations, analyze a management agreements and Chapter 11 operating reports, obtain valuations, propose changes to operations, and aid the Court in resolving ownership issues.

Appointed as a Chapter 11 Disbursing Agent in various cases.

Appointed as a State Court Receiver in various cases

## Dr. Michael Willoughby, Senior Analyst

Dr. Willoughby supervises the valuation of business interests and intangible assets including highly leveraged and distressed entities. He has over fifteen years experience in corporate finance and valuation. He is a graduate of Columbia Business School – Ph.D., a Chartered Financial Analyst (CFA), and has passed all levels of examination and experience for the Accredited Senior Appraiser ("ASA") credential.  Dr. Willoughby has rendered expert opinions in over 400 litigation matters since 1989. Additionally he serves as Chairman of the Board of Directors of USA Federal Credit Union (A $700M financial institution with 24 branches in the US, Japan, and Korea). Dr. Willoughby was a Contributing Economist (1995-02) to the Livingstone Survey, Federal Reserve Bank of Philadelphia. He is also a faculty member in the Department of Finance at San Diego State University (undergraduate and graduate); University of California Department of Economics and School of Medicine (teaching Financial Management); and was the Advisory Chairperson in the Division of Professional Studies – Financial Management Program. Formerly Dr. Willoughby was an economist with Buno, Mack & Barclay, CPAs; Brinig & Associates; and Jassoy, Graff, & Douglas, CPAs. Previously Dr. Willoughby was also the Associate Managing Director in the Los Angeles office of Kroll, Inc. (NASDAQ symbol KROL) - the world's largest risk consulting company.

## Georgina Arreola – Financial Analyst

Ms. Arreola is an experienced financial analyst in the areas of statistical analysis, valuation, economic consulting, business forecasting, investments, and financial accounting.  She frequently is called upon to research and analyze financial and economic loss claims and counter claims in civil and commercial litigation. Ms. Arreola received a Master of Public Policy from Georgetown University and a Bachelor of Science in Management Science from University of California San Diego.

## Dustin Skoboloff – Accounting Analyst

Mr. Skoboloff specializes with problematic accounting systems especially electronic systems. He has also led a team of software specialists in developing applications to transmit data from accounting databases into databases used for tax reporting. Mr. Skoboloff has a Master of Accountancy from San Diego State University.

## Marvin T. Levin, MBA, Ph.D., J.D.

Dr. Levin is uniquely qualified as a business advisor based upon five decades of business teaching, entrepreneurial experience and academic study. Dr. Levin was the one of the founders and senior executives of Consolidated Capital Equities Corporation and was responsible for its growth into one of the largest real estate investment companies in the world. Under his direction, the company acquired and managed real estate nationwide in 23 large publicly traded limited partnerships and REITs.  Dr. Levin and his partners sold the company in 1985.  At Corporate Recovery Associates Dr. Levin has assisted Mr. Feferman in the successful restructuring of McGrath's Public Fish House and Trade Union/Duck House, Inc. Additionally in 2010 Mr. Levin co-led with Mr. Feferman the due diligence investigation into a transaction involving the acquisition of a majority interest in the General Partners/Managing Members interest in entities owning over 200 office buildings across the United States. In 1952, Dr. Levin graduated from the University of California, Berkeley Phi Beta Kappa, with a Bachelor's degree in Business Administration.  While at Berkeley, he served as Commissioner of the Debate Society. In 1955, Dr. Levin received a Doctorate of Jurisprudence from Boalt Hall at U.C. Berkeley, and was granted a Ford Foundation Fellowship to study international law. From 1952 through 1958, Dr. Levin was employed as an instructor for the Massey Seminar Tutorial Institute, and instructed classes in accounting, statistics, economics, and business law.  While attending Boalt Hall School of Law from 1952 to 1955, he was a teaching assistant at the UC School of Business for basic accounting and cost accounting. During the same time, he was a teaching assistant for legal accounting at Boalt Hall. Upon his graduation from Boalt Hall, Dr. Levin was commissioned in the U.S. Naval Reserve, and served three years active duty in San Francisco, California, as a government

auditor.  He was honorably discharged in 1958 as a Lieutenant j.g. Dr. Levin received a Master's degree in Business Administration from Pepperdine University in 1977, and a Ph.D. from Golden Gate University in 1983.  He has been a member of the California State Bar since 1956, and passed his certified public accountant examinations in 1955. Between 1960 and 1970, Dr. Levin was a real estate developer, developing more than 3,000 parcels in several Northern California counties, including Clear Lake Keys at Clear Lake, California.  From 1961 through 1992, Dr. Levin authored and delivered four classes for UC Berkeley Extension entitled "The Income Tax Aspects of Real Estate Transactions," "Essentials of Land Development," "The Formation of Real Estate Syndications," and a real estate ideas class entitled "A Day with Marvin Levin." Dr. Levin is the author of a book on real estate entitled "How to Profit on the Real Estate Roller Coaster," which was published by Prentice-Hall in 1984. In 1966, UC Berkeley Extension advised Dr. Levin that he received the best student evaluations among more than 2000 adjunct instructors in the U.C. extension system. In 1998, Dr. Levin took on the sponsorship of the University of California Debate Team, which was not then included in the top 145 colleges and universities in debate.  In the academic years ending June 2001 and 2005, the Debate Team was ranked No.1 in the nation and received the prestigious Copeland Award given to the top ranked college debate team, which, never before in its 28-year history, had been awarded to a university west of the Mississippi. Dr. Levin is a past member of the Board of the California School of Professional Psychology and the University of California Business School.  He has received honorary doctorates from both Pepperdine University and the Pacific Graduate School of Psychology.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Fox Rothschild LLP 1800 Century Park East, Ste 300 Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): APPLICATION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ORDER APPROVING THE EMPLOYMENT OF CORPORATE RECOVERY
ASSOCIATES, LLC AS BUSINESS AND FINANCIAL ADVISOR FOR THE COMMITTEE EFFECTIVE AS OF
MAY 19, 2015; DECLARATIONS OF ALEXANDER PIJL AND RICHARD J. FEFERMAN
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
June 19, 2015        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Michael J Gomez    mjg@lrplaw.net, tara@lrplaw.net
- Jonathan Gura    jgura@hbsb.com, tina@hbsb.com
- Cassie K Jones    jones@gleaveslaw.com, kristy@gleaveslaw.com
- Mette H Kurth    mkurth@foxrothschild.com, vcordi@foxrothschild.com;pchlum@foxrothschild.com
- Rene Lastreto    rl2@lrplaw.net, tara@lrplaw.net;rebecca@lrplaw.net
- Sandra McBeth    donna@mcbethlegal.com
- Ashley M Naporlee    ashley@grantlawyers.com, donna@grantlawyers.com
- Peter Susi    psusi@hbsb.com, tina@hbsb.com;jgura@hbsb.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 19, 2015        , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

DEBTOR

Clearwater Nursery Inc.
John E. Djafroodi President
2901 Sturgis Road
Oxnard, CA 93030

US TRUSTEE:

US Trustee
Brian D. Fittipaldi
Office of the US Trustee
128 East Carillo Street
Santa Barbara, CA 93111

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 19, 2015        , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Deborah Saltzman
U.S. Bankruptcy Court
255 E. Temple Street, Ste 1334
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/19/15 | Claudia LeBrane | /s/ |
|---------|-----------------|-----|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**