1  Mette H. Kurth (SBN 187100)
   FOX ROTHSCHILD LLP
2  1800 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone:    310.598.4150
4  Facsimile:    310.556.9828
   E-mail: mkurth@foxrothschild.com
5
   Counsel for the Official
6  Committee of Unsecured Creditors

7
                    UNITED STATES BANKRUPTCY COURT
8                   CENTRAL DISTRICT OF CALIFORNIA
                           NORTHERN DIVISION
9

| | |
|---|---|
| In re: | Case No. 9:15-bk-10251-DS |
| **CLEARWATER NURSERY, INC.,** | Chapter 11 |
| | Adv. No. _____ |
| Debtor and Debtor in Possession. | **COMPLAINT WITH EXHIBITS** |
| | **[Date and Time to be Set by Court]** |
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CLEARWATER NURSERY, INC.,** | |
| Plaintiff, | |
| v. | |
| **FARM CREDIT WEST, FLCA, FARM CREDIT WEST, PCA,** and **DOES 1 – 10,** inclusive, | |
| Defendants. | |

COMPLAINT ON CLAIMS TO SET ASIDE AND RECOVER FRAUDULENT TRANSFERS [WITH EXHIBITS]

ACTIVE 31242837v1 08/21/2015

Plaintiff is the Official Committee of Unsecured Creditors (the "Committee") for the Chapter 11 bankruptcy estate of Clearwater Nursery, Inc. ("Clearwater"). The Committee, by and through its undersigned attorneys, brings this adversary proceeding on behalf of Clearwater's estate pursuant to 11 U.S.C. § 1103(c)(5) and 1109(b). As the Committee was not formed until after Clearwater filed bankruptcy, the Committee does not have personal knowledge of the facts alleged in this Complaint and therefore alleges those facts on information and belief.

## JURISDICTION AND VENUE

1.      On February 11, 2015 (the "Petition Date"), Clearwater commenced its Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Northern Division (the "Bankruptcy Court"). Clearwater is continuing in possession of its property and is operating and managing its businesses as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

2.      The Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 157(a), 157(b)(1) and 157 (b)(2)(A),(B), (C), (D), (F), (H), (K), (M) and (O) because the claims asserted herein arise under title 11 of the United States Code or arise in or relate to Clearwater's Chapter 11 case. This adversary proceeding's outcome will significantly affect Clearwater's bankruptcy estate by impacting the disposition of estate property and the amount of money available to distribute to creditors.

3.      The claims for relief in this Complaint are core proceedings under 28 U.S.C. § 157(b).

4.      Regardless of whether this is a core proceeding, the Committee consents to the Bankruptcy Court's entry of final orders and judgment. Each defendant is hereby notified that Fed. R. Bankr. P. 7008(a) requires that it plead whether the claims for relief alleged against it are core or non-core and, if non-core, whether it consents to the Bankruptcy Court's entry of final orders and judgment.

5.      Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1408 and 1409(a) because Clearwater's bankruptcy case is pending in this district and division. This Court also has personal jurisdiction over each of the defendants.

## PARTIES

**A.   The Debtor and Related Entities**

6.      Clearwater Nursery, Inc., the debtor and debtor in possession herein, is a California corporation residing or having its chief executive office in the County of San Luis Obispo, State of California, and headquartered at 887 Mesa Road in Nipomo, California.

7.      Mahmood Jafroodi ("MJafroodi") is Clearwater's Chairman of the Board of Directors and owns 99% of Clearwater's stock.

8.      Mahmood Jafroodi is the Trustee of the 1980 Jafrooodi Family Trust, U.D.T dated November 13, 1980, as amended (the "Trust").

9.      American Horticultural Supply, Inc. ("American Horticultural") is a California corporation residing or having its chief executive office in the County of Ventura, State of California, whose mailing address is 4045 Via Pescador, Camarillo, California.

10.     906 Eucalyptus Nursery, LLC ("906 Eucalyptus") is a California limited liability company residing or having its chief executive office in the County of Ventura, State of California, whose mailing address is 4045 Via Pescador, Camarillo, California.

11.     Mahmood Jafroodi is the manager of 906 Eucalyptus.

12.     Jafroodi Properties is a California limited partnership residing or having its chief executive office in the County of Ventura, State of California, whose mailing address is 2901 Sturgis Road, Oxnard, California.

13.     906 Eucalyptus is the general partner of Jafroodi Properties.

**B.   The Plaintiff**

14.     Plaintiff, the Official Committee of Unsecured Creditors of Clearwater Nursery, Inc., was duly appointed by the Office of the United States Trustee on March 20, 2015 [Dkt. #61] pursuant to Bankruptcy Code § 1102 to represent creditors holding unsecured claims in this case.

**C.   The Defendants**

15.     Defendant Farm Credit West, FLCA ("FLCA") is a cooperative lending institution with a principal place of business in California, and the successor by merger to Central Coast Federal Land Bank Association, FLCA ("Central Coast").

16.    Defendant Farm Credit West, PCA ("FCW") is a cooperative lending institution with a principal place of business in California.

17.    The Committee is not aware of the true names and capacities (whether individual, associate, corporate, or otherwise) of defendants Does 1 through 10, or any of them, and therefore sues said defendants, and each of them, by such fictitious names and will amend this Complaint to include their true names and capacities, when ascertained, together with appropriate charging allegations.

## GENERAL ALLEGATIONS

18.    Clearwater is a California corporation located at 887 Mesa Road in Nipomo, California.  Clearwater is a wholesale grower of premium quality blooming plants, foliage plants, and seasonal living favorites.

### D.    The Jafroodi Loans (1999-2008)

19.    Mahmood Jafroodi  and Azar Jafroodi (his wife) entered into a *Promissory Note and Loan Agreement* with Central Coast as of June 2, 1999. Also on or about June 2, 1999, in his capacity as Clearwater's Chairman of the Board of Directors, President, and beneficial owner of 99% of Clearwater's stock, Mahmood Jafroodi induced Central Coast to extend certain financial accommodations to the Trust and to Mahmood and Azar Jafroodi: (a) by causing Clearwater to provide to Central Coast a *Continuing Guaranty – Recourse* under which Clearwater guaranteed to Central Coast the payment and performance of all indebtedness, loans, or obligations owed by the Trust and by Mahmood and Azar Jafroodi to Central Coast—including all amounts thereafter advanced to the borrowers; and (b) the Trust, Mahmood Jafroodi (in his capacity as Clearwater's Chairman of the Board of Directors, President, and beneficial owner of 99% of Clearwater's stock), and Azar Jafroodi induced Clearwater to execute a *Security Agreement* granting Central Coast a continuing security interest in certain personal property as described more fully therein, including farm products and fixtures, inventory, and general intangibles the secure payment and performance of all indebtedness owing to Central Coast by the Trust, Mahmood and Azar Jafroodi, and Clearwater. Upon information and belief, Clearwater received no direct proceeds of such loans and obligations.

20.    As of August 24, 2004, American Horticultural, Clearwater, and 906 Eucalyptus entered into a *Security Agreement* granting FCW a continuing security interest in certain personal property as described more fully therein, including farm products and fixtures, inventory, and general intangibles. This *Security Agreement* secured the payment and performance of all indebtedness owing to FCW by American Horticultural, Clearwater, and 906 Eucalyptus. Upon information and belief, American Horticultural and 906 Eucalyptus are each beneficially owned and operated by Mahmood Jafroodi. Upon information and belief, Clearwater received no direct benefit from securing the indebtedness owing to FCW by American Horticultural and 906 Eucalyptus.

21.    As of January 25, 2005, Clearwater and 906 Eucalyptus entered into a *Master Loan Agreement* with PCA. Upon information and belief, this loan was the first loan issued by FCW pursuant to which Clearwater may have received consideration.

22.    On or about March 1, 2006, to induce FCW to extend certain financial accommodations to Jafroodi Properties, 906 Eucalyptus, and the Trust, Clearwater provided FCW with a *Continuing Guaranty – Recourse* under which Mahmood Jafroodi, in his capacity as Clearwater's President, induced Clearwater to guaranty to FCW the payment and performance of all indebtedness, loans, or obligations owed by Jafroodi Properties, 906 Eucalyptus, and the Trust to FCW—including all amounts thereafter advanced to all borrowers; and (b) Jafroodi Properties, 906 Eucalyptus, American Horticultural, and Clearwater executed a *Security Agreement* granting FCW a continuing security interest in certain personal property as described more fully therein, including farm products and fixtures, inventory, and general intangibles, to secure the payment and performance of all indebtedness owing to FCW by Jafroodi Properties, 906 Eucalyptus, American Horticultural, and Clearwater.

23.    Between about June 2, 1999 and February 11, 2008: (a) the Trust, Mahmood and Azar Jafroodi, Jafroodi Properties, 906 Eucalyptus, and American Horticultural (collectively, the "Jafroodi Entities") received various advances pursuant to a *Promissory Note and Loan Agreement* and also entered into various additional loan agreements with Central Coast; and (b) and Mahmood Jafroodi caused Clearwater to provide to Central Coast various continuing guarantees and supplemental security agreements with respect to the obligations of the Jafroodi Entities.

24.     As of March 24, 2008 the sum of the balance owing on promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations recited therein, and evidenced on the books of FCW as Loan No.'s 3644715 and 33645010, Customer No. 0005282032, and Loan/Customer No. 3832406/0677739246, plus all subsequent advances, outlays, and interest accrued thereon (the "Pre-2008 Obligations"), totaled approximately $7,675,381.81.

**E.     The Jafroodi Loans (2008-2015)**

25.     Between February 11, 2008 and the Petition Date, FCW continued to extend credit to the Jafroodi Entities (and upon information and belief, with knowledge that such entities were alter egos of each other) through various advances, loans, credit facilities, credit lines, and other borrowings and indebtedness, including without limitation through the following transactions totaling $7,376,600.00 (collectively, the "Avoidable Obligations"):

(a)     On or about March 24, 2008, FCW advanced to Jafroodi Properties $106,600.00 pursuant to a *Notice of Advance under Deed of Trust*, which deed of trust secured the payment of the Pre-2008 Obligations.

(b)     On or about July 17, 2008, FCW advanced to Jafroodi Properties $1,500,000.00 pursuant to a *Notice of Advance under Deed of Trust*, which deed of trust secured the payment of the Pre-2008 Obligations.

(c)     On or about September 10, 2008, FCW advanced to Jafroodi Properties $4,270,000.00 pursuant to a *Notice of Advance under Deed of Trust*, which deed of trust secured the payment of the Pre-2008 Obligations.

(d)     On or about November 10, 2008, FCW advanced to Jafroodi Properties $250,000.00 pursuant to a *Notice of Advance under Deed of Trust*, which deed of trust secured the payment of the Pre-2008 Obligations.

(e)     Jafroodi Properties, 906 Eucalyptus, and the Trust obtained an installment loan in the principal amount of $1,250,000.00 from FCW pursuant to a *Promissory Note and Supplement to Master Loan Agreement* dated March 20, 2009.

26.    Pursuant to the *First Amended and Restated Loan Restructure and Workout Agreement*, dated January 2, 2014 (the "January 2014 Workout Agreement"), the total amount outstanding and owed to FCW by the Jafroodi Entities as of that date was $20,651,624.41.

27.    Upon information and belief, Mahmood Jafroodi caused Clearwater to incur the Avoidable Obligations with actual intent to hinder, delay, or defraud its creditors.

28.    Upon information and belief, Clearwater received less than reasonably equivalent value in exchange for some or all of the Avoidable Obligations.

29.    Upon information and belief, on or about January 21, 2009, the Jafroodi Entities received FCW's *Distressed Loan Restructure Policy*. Between roughly January of 2009 and the Petition Date, the Jafroodi Entities and FCW engaged in various restructuring discussions, resulting in the execution of a *Loan Restructure and Workout Agreement* dated April 16, 2009, eight separate letter agreements amending that document, a *First Amended and Restated Loan Restructure and Workout Agreement*, dated January 2, 2014 (the "January 2014 Workout Agreement"), and another separate letter agreement amending the amended agreement dated as of August 20, 2014. As stated in the recitals to the January 2014 Workout Agreement: "Borrower has been unable to fully perform according to the original terms and conditions of the Debt or the Original Agreement. FCW determined and Borrower acknowledges that Borrower has remained distressed since entering into the Original Agreement," *e.g.,* the April 16, 2009 workout agreement.

30.    Upon information and belief, Clearwater was insolvent or became insolvent as a result of the Avoidable Obligations.

31.    Upon information and belief, Clearwater was engaged or was about to engage in a business or a transaction for which its remaining assets, after incurring the Avoidable Obligations, were unreasonably small in relation to its business or transactions. And upon information and belief, Clearwater intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

32.    Upon information and belief, in accordance with its loan documents, FCW treats all Jafroodi Entities, including Clearwater, as two groups of borrowers who are part of one consolidated borrowing entity.

33.    Further, upon information and belief, FCW continues to negotiate a "global resolution" with Clearwater and the Jafroodi Entities, through Mahmood Jafroodi, as to the total amount of debt owed by Clearwater and the Jafroodi Entities.

F.    **Clearwater's Obligations to FCW as of the Petition Date**

34.    Upon information and belief, as of February 1, 2015: (a) the outstanding balance owed by Clearwater to FCW, including interest, was approximately $5,391,000; and (b) the outstanding balance owed by Jafroodi Properties, Mahmood Jafroodi, the Trust, or other Jafroodi Entities to FCW and/or FLCA (the "Jafroodi Debt") was approximately $10,163,500.00. Thus, collectively, between January 2014 and February 2015, the total obligations of Clearwater and the Jafroodi Entities to FCW were reduced by $5,095,500.

## FIRST CLAIM FOR RELIEF

**(Against All Defendants, to Avoid Actual Fraudulent Transfers of Money and Other Property under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.04(a) and Cal. Civ. Code § 3439.07)**

35.    The Committee incorporates by reference and realleges paragraphs 1-34 of this Complaint.

36.    During the seven-year period immediately preceding the Petition Date, Mahmood Jafroodi caused Clearwater to insure the Avoidable Obligations with actual intent to hinder, delay, or defraud its creditors.

37.    At all relevant times: (a) Clearwater was engaged or was about to engage in a business or a transaction for which its remaining assets, after incurring the Avoidable Obligations, were unreasonably small in relation to its business or transactions; or (b) Clearwater intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

/ / /
/ / /
/ / /
/ / /

## SECOND CLAIM FOR RELIEF

**(Against All Defendants, to Avoid Constructively Fraudulent Transfers of Money and Other Property under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.05 and Cal. Civ. Code § 3439.07)**

38.     The Committee incorporates by reference and realleges paragraphs 1-34 of this Complaint.

39.     During the seven-year period immediately preceding the Petition Date, Clearwater incurred the Avoidable Obligations without receiving reasonably equivalent value in exchange for the transfer or obligation.

40.     During all relevant times, Clearwater was insolvent or became insolvent as a result of the Avoidable Obligations.

41.     Upon information and belief, at all relevant times, the Avoidable Obligations were voidable under Cal. Civ. Code §§ 3439.05 and 3439.07 by one or more creditors who held and hold unsecured claims against Clearwater.

## THIRD CLAIM FOR RELIEF

**(Against All Defendants, to Avoid and Recover Constructively Fraudulent Transfers of Money and Other Property under 11 U.S.C. §§ 544(b) and 550(a), and Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and Cal. Civ. Code § 3439.07**

42.     The Committee incorporates by reference and realleges paragraphs 1-34 of this Complaint.

43.     The defendants did not take any of the Transfers for a reasonably equivalent value and/or did not take such transfers in good faith.

44.     At all relevant times: (a) Clearwater was engaged or was about to engage in a business or a transaction for which its remaining assets, after incurring the Avoidable Obligations, were unreasonably small in relation to its business or transactions; (b) Clearwater intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; or (c) Clearwater was insolvent or became insolvent as a result of the Avoidable Obligations.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants, for Aiding and Abetting Fraudulent Transfers of Money and Other Property under 11 U.S.C. §§ 548(a)(1)(B) and 550(a))

45.    The Committee incorporates by reference and realleges paragraphs 1-34 of this Complaint.

46.    At all relevant times: (a) Clearwater was engaged or was about to engage in a business or a transaction for which its remaining assets, after incurring the Avoidable Obligations, were unreasonably small in relation to its business or transactions; (b) Clearwater intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; or (c) Clearwater was insolvent or became insolvent as a result of the Avoidable Obligations.

47.    Upon information and belief, Clearwater received no direct proceeds of any loans or obligations prior to 2005. Notwithstanding, upon information and belief, all loan documents executed at the behest of FCW were guaranteed and/or secured by Clearwater for the benefit of one or more of the Jafroodi Entities. Upon information and belief, FCW knew or should have known that during the seven years prior to the Petition Date, Clearwater did not receive reasonably equivalent value in exchange for the Avoidable Obligations and/or that Mahmood Jafroodi caused Clearwater to incur the Avoidable Obligations with actual intent to hinder, delay, or defraud its creditors.

48.    Upon information and belief, in accordance with its loan documents, FCW treats all Jafroodi Entities, including Clearwater, as two groups of borrowers who are part of one consolidated borrowing entity.

49.    Further, upon information and belief, FCW continues to negotiate a "global resolution" with Clearwater and the Jafroodi Entities, through Mahmood Jafroodi, as to the total amount of debt owed by Clearwater and the Jafroodi Entities.

50.    To the extent any Jafroodi Entity has any liability to the Debtor for any fraudulent transfer, since FCW has shared with a common plan or design in the perpetration of such fraudulent transfers, FCW is jointly liable with any such Jafroodi Entity with respect to such fraudulent transfer.

## FIFTH CLAIM FOR RELIEF

**(Against All Defendants, for Avoidance of Preferences Pursuant to 11 U.S.C. §§ 547(B))**

51.    The Committee incorporates by reference and realleges paragraphs 1-34 of this Complaint.

52.    Upon information and belief, between January 2014 and February 2015, approximately $5,095,500 was paid to FCW (the "Potential Preference").

53.    Upon information and belief, all or a portion of Potential Preferences were on account of antecedent debt owed by the Debtor to FCW.

54.    Upon information and belief, the Potential Preferences enabled FCW to receive more on its alleged claims than it would have if the Bankruptcy Cases were converted to Chapter 7 and the Potential Preferences had not been made.

55.    This Court is empowered to avoid the Potential Preference under 11 U.S.C. §§ 547(B).

56.    At all relevant times, Clearwater was insolvent.

## SIXTH CLAIM FOR RELIEF

**(Against All Defendants, for Declaratory Judgment Concerning the Deposit Accounts)**
**(28 U.S.C. §§ 2201, 2202)**

57.    The Committee incorporates by reference and realleges paragraphs 1-34 of this Complaint.

58.    The loan documents executed by Debtor purport to grant FCW a lien on and security interests in certain cash and accounts (the "Deposit Accounts") of Clearwater.

59.    Upon information and belief all such loan documents define "Deposit Accounts" to have the meaning set forth in Article 9 of the UCC.

60.    Upon information and belief, Clearwater and FCW have not executed control agreements with the institutions where the Deposit Accounts are located under which the institutions agreed to follow instructions originated by the secured party without obtaining consent from the debtor-depositor.

61.     Upon information and belief, FCW has not established control over the Deposit Accounts.

62.     FCW failed to properly perfect its purported liens on and security interests in the Deposit Accounts and does not hold a perfected lien on or security interest in the Deposit Accounts.

63.     The Committee disputes any stipulations or agreements made by Clearwater as they relate to the Deposit Accounts.

64.     Accordingly, an actual, substantial, and justiciable controversy exists between the Committee and FCW concerning whether the stipulations and agreements are correct and supportable and whether FCW has valid and/or perfected liens on or security interests in the Deposit Accounts.

65.     Such a controversy is sufficient to warrant the issuance of a declaratory judgment that, notwithstanding Clearwater's stipulations and agreements to the contrary, FCW does not have a lien on or security interest in any of the Deposit Accounts.

**WHEREFORE**, the Committee, on behalf of the estate, prays for judgment against the defendants, and each of them, as follows:

1.      On the first claim for relief, for a judgment against the defendants that avoids the Avoidable Obligations from Clearwater to or for the benefit of the defendants;

2.      On the second claim for relief, for a judgment against all defendants that requires them to return to the Committee, for the benefit of the estate, all transfers avoided by this Complaint;

3.      On the third claim for relief, for a judgment against the defendants in the amount of the Avoidable Obligations from Clearwater to or for the benefit of the defendants

4.      On the fourth claim for relief, for a judgment against the defendants in the amount of the Avoidable Obligations for which the Court finds co-liability.

5.      On the fifth claim for relief, for a judgment against all defendants that requires them to return to the Committee, for the benefit of the estate, all preferences avoided by this Complaint.

///

///

///

1       6.     On the sixth claim for relief, for declaratory judgment against all defendants that there

2  are no liens or security interests in any of the Deposit Accounts

3       For such other relief as the Court deems just and proper.

4

                                      FOX ROTHSCHILD LLP

5  Dated: August 21, 2015

                                  By: ___ */s/ Mette H. Kurth*

6                                        Mette H. Kurth

                                  Counsel for the Official

7                                    Committee of Unsecured Creditors

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

RECORDING REQUESTED BY
FIDELITY TITLE

**JULIE RODEWALD**
San Luis Obispo County — Clerk/Recorder
Recorded at the request of
**Fidelity Title Company**

6N
3/04/2011
8:00 AM

Recording Requested by:

WHEN RECORDED MAIL TO:
Farm Credit West, PCA
1178 Tama Lane
Santa Maria, CA  93455-1128
Advance Loan No. 3644715

**DOC#:  2011010983**

| | | |
|---|---|---|
| Titles:  1 | Pages: | **2** |
| Fees | | 17.00 |
| Taxes | | 0.00 |
| Others | | 0.00 |
| PAID | | $17.00 |

Customer Number: 0006282032

Space Above This Line For Recorder's Use

## NOTICE OF ADVANCE UNDER DEED OF TRUST

THIS NOTICE OF ADVANCE UNDER DEED OF TRUST IS GIVEN WITH REFERENCE TO THE FOLLOWING:

WHEREAS Jafroodi Properties, L.P., a California Limited Partnership, is named as grantor/trustor (hereinafter "Grantor") in that certain deed of trust dated March 1, 2006, wherein Farm Credit West, PCA, is named trustee and beneficiary; which instrument was recorded on March 10, 2006, as Document No. 2006016648, County of San Luis Obispo, State of California;

AND WHEREAS the said deed of trust was given to secure the payment of promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations of the grantor recited therein, and evidenced on the books of Farm Credit West, PCA;

AND WHEREAS the referred to deed of trust provides that the same is also given to secure the payment of such additional sum or sums that may there after be advanced by said beneficiary to grantor;

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that Farm Credit West, PCA, has advanced to grantor an additional $500,000.00; that the said amount is payable with interest as prescribed in a promissory note dated February 14, 2011; that the said advance is acknowledged by the undersigned to be secured by the herein above referred to deed of trust pursuant to the provisions recited therein.

FURTHER NOTICE IS HEREBY GIVEN that the sum of the balance owing on the initial promissory note secured by the herein above referred to deed of trust, plus all subsequent advances, outlays and interest accrued thereon to the date hereof totals $14,461,827.35.

Dated: <u>February 14, 2011</u>

Signatures of Grantor

Jafroodi Properties, L.P., a California Limited Partnership

By: 906 Eucalyptus Nursery, LLC, a California Limited Liability Company, General Partner

By: /_____
       Mahmood Jafroodi, Manager

Accomodations Recording No
liability as to form, content or
clerical correctness is assumed
by Fidelity National Title

*ASN 1232 - (4-95) Notice of Advance Under Deed of Trust          Page 1 of 1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Ventura_ }

On _2/25/11_ before me, _Beverly R. Bigger Notary Public_
Here Insert Name and Title of the Officer

personally appeared _Mahmood Jafroodi_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**BEVERLY R. BIGGER**
**Commission # 1753235**
**Notary Public - California**
**Ventura County**
**My Comm. Expires Jul 8, 2011**

Place Notary Seal Above

Signature: _Beverly R. Bigger_
Signature of Notary Public

---

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: _Notice of Additional Advance_
Document Date: _2/14/11_                     Number of Pages: _1_
Signer(s) Other Than Named Above: _0_

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Individual | ☐ Individual |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

© 2009 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)          Item #5907

END OF DOCUMENT

RECORDING REQUESTED BY
FIDELITY TITLE

JULIE RODEWA⌐ n
San Luis Obispo Co⌐  ,—Clerk/Recorder
Recorded at the request of
**Fidelity Title Company**

SN
3/09/2010
8:00 AM

Recording Requested by:

WHEN RECORDED MAIL TO:
Farm Credit West, PCA
1178 Tama Lane
Santa Maria, CA 93455-1128
Advance Loan No. 3644715

**DOC#: 2010010736**

| | |
|---|---|
| Titles: 1 | Pages: **2** |
| Fees | 17.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $17.00 |

Customer Number: 0006282032

Yo5300127

Space Above This Line For Recorder's Use

### NOTICE OF ADVANCE UNDER DEED OF TRUST

THIS NOTICE OF ADVANCE UNDER DEED OF TRUST IS GIVEN WITH REFERENCE TO THE FOLLOWING:

WHEREAS Jafroodi Properties, L.P., a California Limited Partnership, is named as grantor/trustor (hereinafter "Grantor") in that certain deed of trust dated March 1, 2006, wherein Farm Credit West, PCA, is named trustee and beneficiary; which instrument was recorded on March 10, 2006, as Document No. 2006016648, County of San Luis Obispo, State of California;

AND WHEREAS the said deed of trust was given to secure the payment of promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations of the grantor recited therein, and evidenced on the books of Farm Credit West, PCA;

AND WHEREAS the referred to deed of trust provides that the same is also given to secure the payment of such additional sum or sums that may there after be advanced by said beneficiary to grantor;

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that Farm Credit West, PCA, has advanced to grantor an additional $1,000,000.00; that the said amount is payable with interest as prescribed in a promissory note dated March 1, 2010; that the said advance is acknowledged by the undersigned to be secured by the herein above referred to deed of trust pursuant to the provisions recited therein.

FURTHER NOTICE IS HEREBY GIVEN that the sum of the balance owing on the initial promissory note secured by the herein above referred to deed of trust, plus all subsequent advances, outlays and interest accrued thereon to the date hereof totals $15,467,932.33.

Dated: **March 1, 2010**

**Signatures of Grantor**

**Jafroodi Properties, L.P., a California Limited Partnership**

By: 906 Eucalyptus Nursery, LLC, a California Limited Liability Company, General Partner

By: ✓ _____
Mahmood Jafroodi, Manager

*ASN 1232 - (4-95) Notice of Advance Under Deed of Trust

Page 1 of 1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Ventura_

On _March 5, 2010_ before me, _Darlene Marie Mirabella Notary_,
    Date                Here Insert Name and Title of the Officer

personally appeared _Mahmood Jafroodi_
                      Name(s) of Signer(s)

_____

**DARLENE MARIE MIRABELLA**
Commission # 1723890
Notary Public - California
Ventura County
My Comm. Expires Feb 4, 2011

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Darlene Marie Mirabella_
                      Signature of Notary Public

     Place Notary Seal and/or Stamp Above

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Notice of Advance Under Deed of Trust_

Document Date: _March 1, 2010_ _____ Number of Pages: ___1___

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER

Top of thumb here

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER

Top of thumb here

©2008 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907   Reorder: Call Toll-Free 1-800-876-6827

END OF DOCUMENT

Recording Requested by:

WHEN RECORDED MAIL TO:
Farm Credit West, PCA
1178 Tama Lane
Santa Maria, CA  93455-1128
Advance Loan No. 3644715

Customer Number: 0006282032

Space Above This Line For Recorder's Use

## NOTICE OF ADVANCE UNDER DEED OF TRUST

**THIS NOTICE OF ADVANCE UNDER DEED OF TRUST IS GIVEN WITH REFERENCE TO THE FOLLOWING:**

**WHEREAS** Jafroodi Properties, L.P., a California Limited Partnership, is named as grantor/trustor (hereinafter "Grantor") in that certain deed of trust dated March 1, 2006, wherein Farm Credit West, PCA, is named trustee and beneficiary; which instrument was recorded on March 10, 2006, as Document No. 2006016648, County of San Luis Obispo, State of California;

**AND WHEREAS** the said deed of trust was given to secure the payment of promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations of the grantor recited therein, and evidenced on the books of Farm Credit West, PCA, as Loan No's. 3644715, 3645010 and 8280878, Customer No. 0006282032, indexed under Clearwater Nursery, Inc.; and Loan/Customer No. 3832406/0677739246, indexed under Jafroodi Properties, L.P.;

**AND WHEREAS** the referred to deed of trust provides that the same is also given to secure the payment of such additional sum or sums that may there after be advanced by said beneficiary to grantor;

**NOW, THEREFORE, NOTICE IS HEREBY GIVEN** that Farm Credit West, PCA, has advanced to grantor an additional $250,000.00; that the said amount is payable with interest as prescribed in a promissory note dated November 23, 2009; that the said advance is acknowledged by the undersigned to be secured by the herein above referred to deed of trust pursuant to the provisions recited therein.

**FURTHER NOTICE IS HEREBY GIVEN** that the sum of the balance owing on the initial promissory note secured by the herein above referred to deed of trust, plus all subsequent advances, outlays and interest accrued thereon to the date hereof totals $12,310,300.80.

Dated:  November 23, 2009

Signatures of Grantor

Jafroodi Properties, L.P., a California Limited Partnership

By: 906 Eucalyptus Nursery, LLC, a California Limited Liability Company, General Partner

By: _____
      Mahmood Jafroodi, Manager

*ASN 1232 - (4-95) Notice of Advance Under Deed of Trust          Page 1 of 1

FILE COPY

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Ventura_ }

On _November 27, 2009_ before me, _Darlene Marie Mirabella, Notary_,
Date                                          Here Insert Name and Title of the Officer

personally appeared _Mahmood Jafroodi_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> DARLENE MARIE MIRABELLA
> Commission # 1723890
> Notary Public - California
> Ventura County
> My Comm. Expires Feb 4, 2011

Signature: _Darlene Marie Mirabella_
Place Notary Seal and/or Stamp Above          Signature of Notary Public

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Notice of Advance under deed of Trust_

Document Date: _November 23, 2009_                    Number of Pages: _1_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____          Signer's Name: _____

☐ Corporate Officer — Title(s): _____          ☐ Corporate Officer — Title(s): _____
☐ Individual                                        ☐ Individual
☐ Partner — ☐ Limited ☐ General                    ☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact                                  ☐ Attorney in Fact
☐ Trustee                                           ☐ Trustee
☐ Guardian or Conservator                           ☐ Guardian or Conservator
☐ Other: _____                            ☐ Other: _____

| RIGHT THUMBPRINT OF SIGNER | | RIGHT THUMBPRINT OF SIGNER |
| Top of thumb here | | Top of thumb here |

Signer Is Representing: _____          Signer Is Representing: _____

©2008 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org      Item #5907      Reorder: Call Toll-Free 1-800-876-6827

RECORDING REQUESTED BY
- Cuesta Title Company

6 10339 - RB

Recording Requested by:

WHEN RECORDED MAIL TO:
Farm Credit West, PCA
1178 Tama Lane
Santa Maria, CA 93455-1128

Customer Number: 0006282032
Customer Number: 0677739246

**JULIE RODEWALD**
San Luis Obispo County — Clerk/Recorder
Recorded at the request of
**Cuesta Title Company**

LO
11/14/2008
8:00 AM

DOC#: **2008057035**



| Titles: 1 | Pages: 2 |
|---|---|
| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

### NOTICE OF ADVANCE UNDER DEED OF TRUST

**THIS NOTICE OF ADVANCE UNDER DEED OF TRUST IS GIVEN WITH REFERENCE TO THE FOLLOWING:**

WHEREAS Jafroodi Properties, L.P., a California Limited Partnership, is named as grantor/trustor (hereinafter "Grantor") in that certain deed of trust dated March 1, 2006, wherein Farm Credit West, PCA, is named trustee and beneficiary; which instrument was recorded on March 10, 2006, as Document No. 2006016648, County of San Luis Obispo, State of California;

AND WHEREAS the said deed of trust was given to secure the payment of promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations of the grantor recited therein, and evidenced on the books of Farm Credit West, PCA, as Loan No's. 3644715, 3645010 and 8280878, Customer No. 0006282032, indexed under Clearwater Nursery, Inc.; and Loan/Customer No. 3832406/0677739246, indexed under Jafroodi Properties, L.P.;

AND WHEREAS the referred to deed of trust provides that the same is also given to secure the payment of such additional sum or sums that may there after be advanced by said beneficiary to grantor;

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that Farm Credit West, PCA, has advanced to grantor an additional $250,000.00; that the said amount is payable with interest as prescribed under a promissory note dated November 10, 2008; that the said advance is acknowledged by the undersigned to be secured by the herein above referred to deed of trust pursuant to the provisions recited therein.

FURTHER NOTICE IS HEREBY GIVEN that the sum of the balance owing on the initial promissory note secured by the herein above referred to deed of trust, plus all subsequent advances, outlays and interest accrued thereon to the date hereof totals $6,504,942.16.

Dated: November 10, 2008

Signatures of Grantor

Jafroodi Properties, L.P., a California Limited Partnership

By: 906 Eucalyptus Nursery, LLC, a California Limited Liability Company, General Partner

By: _____
Mahmood Jafroodi, Manager

*ASN 1232 - (4-95) Notice of Advance Under Deed of Trust

Page 1 of 1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Ventura_____ }

On __11-10-08__ before me, __Darlene Marie Tardiff, Notary Public__
      Date                             Here Insert Name and Title of the Officer

personally appeared __Mahmood Jafroodi_____
                                    Name(s) of Signer(s)

```
DARLENE MARIE TARDIFF
Commission # 1723690
Notary Public - California
Ventura County
My Comm. Expires Feb 4, 2011
```

Place Notary Seal Above

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Darlene Marie Tardiff__
                         Signature of Notary Public

—————————— *OPTIONAL* ——————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: __Notice of Advance under Deed of Trust__

Document Date: __11-10-08__            Number of Pages: __1__

Signer(s) Other Than Named Above: __Mahmood Jafroodi__

## Capacity(ies) Claimed by Signer(s)

Signer's Name: __Mahmood Jafrood__
☐ Individual
☒ Corporate Officer — Title(s): __Manager__
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

```
RIGHT THUMBPRINT
OF SIGNER
Top of thumb here
```

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

```
RIGHT THUMBPRINT
OF SIGNER
Top of thumb here
```

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827

**END OF DOCUMENT**



**JULIE RODEW___D**
San Luis Obispo County — Clerk/Recorder

AB
9/17/2008
8:00 AM

Recorded at the request of
**Cuesta Title Company**

Recording Requested by:
**CUESTA TITLE COMPANY**
WHEN RECORDED MAIL TO:
Farm Credit West, PCA
1178 Tama Lane
Santa Maria, CA 93455
Advance Loan No. 8281050

| DOC#: 2008046813 | Titles: 1 | Pages: 2 |
|---|---|---|
| | Fees | 11.00 |
| | Taxes | 0.00 |
| | Others | 0.00 |
| | PAID | $11.00 |

Customer Number: 0677739246/0006282032        Space Above This Line For Recorder's Use

## NOTICE OF ADVANCE UNDER DEED OF TRUST

THIS NOTICE OF ADVANCE UNDER DEED OF TRUST IS GIVEN WITH REFERENCE TO THE FOLLOWING:

WHEREAS Jafroodi Properties, L.P., a California Limited Partnership, is named as grantor/trustor (hereinafter "Grantor") in that certain deed of trust dated March 1, 2006, wherein Farm Credit West, PCA, is named trustee and beneficiary; which instrument was recorded on March 10, 2006, as Document No. 2006016648, County of San Luis Obispo, State of California;

AND WHEREAS the said deed of trust was given to secure the payment of promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations of the grantor recited therein, and evidenced on the books of Farm Credit West, PCA, as Loan No's. 3644715 and 3645010, Customer No. 0006282032, indexed under Clearwater Nursery, Inc.; and Loan/Customer No. 3832406 and 8280878/0677739246, indexed under Jafroodi Properties, L.P.;

AND WHEREAS the referred to deed of trust provides that the same is also given to secure the payment of such additional sum or sums that may there after be advanced by said beneficiary to grantor;

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that Farm Credit West, PCA, has advanced to grantor an additional $4,270,000.00; that the said amount is payable with interest as prescribed in a promissory note dated September 10, 2008; that the said advance is acknowledged by the undersigned to be secured by the herein above referred to deed of trust pursuant to the provisions recited therein.

FURTHER NOTICE IS HEREBY GIVEN that the sum of the balance owing on the initial promissory note secured by the herein above referred to deed of trust, plus all subsequent advances, outlays and interest accrued thereon to the date hereof totals $6,237,993.89.

Signatures of Grantor                  Dated: September 10, 2008

Jafroodi Properties, L.P., a California Limited Partnership

By: 906 Eucalyptus Nursery, LLC, a California Limited Liability Company, General Partner

By: V _____
Mahmood Jafroodi, Manager

*ASN 1232 - (4-95) Notice of Advance Under Deed of Trust

## ACKNOWLEDGMENT

State of California
County of Ventura_____ )

On September 12, 2008___ before me, Darlene Marie Tardiff, Notary_____
                                         (insert name and title of the officer)

personally appeared ___Mahmood Safoodi_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

DARLENE MARIE TARDIFF
Commission # 1723690
Notary Public - California
Ventura County
My Comm. Expires Feb 4, 2011

Signature Darlene Marie Tardiff        (Seal)

END OF DOCUMENT

JULIE RODE WALD                                          SN
San Luis Obis, County – Clerk/Recorder              7/23/2008
Recorded at the request of                           8:00 AM
**Cuesta Title Company**

Recording Requested by:
**CUESTA TITLE COMPANY**
WHEN RECORDED MAIL TO:
Farm Credit West, PCA
1178 Tama Lane
Santa Maria, CA 93455-1128

DOC#:    **2008038002**    | Titles: 1 | Pages: **2**

| Fees | 11.00 |
| Taxes | 0.00 |
| Others | 0.00 |
| PAID | $11.00 |

Customer Number: 0006282032
Customer Number: 0677739246

Space Above This Line For Recorder's Use

## NOTICE OF ADVANCE UNDER DEED OF TRUST

THIS NOTICE OF ADVANCE UNDER DEED OF TRUST IS GIVEN WITH REFERENCE TO THE FOLLOWING:

WHEREAS Jafroodi Properties, L.P., a California Limited Partnership, is named as grantor/trustor (hereinafter "Grantor") in that certain deed of trust dated March 1, 2006, wherein Farm Credit West, PCA, is named trustee and beneficiary; which instrument was recorded on March 10, 2006, as Document No. 2006016648, County of San Luis Obispo, State of California;

AND WHEREAS the said deed of trust was given to secure the payment of promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations of the grantor recited therein, and evidenced on the books of Farm Credit West, PCA, as Loan No's. 3644715, 3645010 and 8280878, Customer No. 0006282032, indexed under Clearwater Nursery, Inc.; and Loan/Customer No. 3832406/0677739246, indexed under Jafroodi Properties, L.P.;

AND WHEREAS the referred to deed of trust provides that the same is also given to secure the payment of such additional sum or sums that may there after be advanced by said beneficiary to grantor;

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that Farm Credit West, PCA, has advanced to grantor an additional $1,500,000.00; that the said amount is payable with interest as prescribed in a promissory note dated July 17, 2008; that the said advance is acknowledged by the undersigned to be secured by the herein above referred to deed of trust pursuant to the provisions recited therein.

FURTHER NOTICE IS HEREBY GIVEN that the sum of the balance owing on the initial promissory note secured by the herein above referred to deed of trust, plus all subsequent advances, outlays and interest accrued thereon to the date hereof totals $9,280,713.09.

Dated:  July 17, 2008

Signatures of Grantor

Jafroodi Properties, L.P., a California Limited Partnership

By: 906 Eucalyptus Nursery, LLC, a California Limited Liability Company, General Partner

By: _____
Mahmood Jafroodi, Manager

*ASN 1232 - (4-95) Notice of Advance Under Deed of Trust
Page 1 of 1

## ACKNOWLEDGMENT

State of California
County of _Ventura_____ )

On _July 18, 2008_____ before me, _Darlene Marie Tardiff Notary_____
(insert name and title of the officer)

personally appeared _Mahmood Jafroodi_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

DARLENE MARIE TARDIFF
Commission # 1723890
Notary Public - California
Ventura County
My Comm. Expires Feb 4, 2011

Signature _Darlene Marie Tardiff_____    (Seal)

San Luis Obispo Cou{   - Clerk/Recorder                          3/28/2008
Recorded at the request of                                         11:33 AM
**Cuesta Title Company**

| | | | |
|---|---|---|---|
| Recording Requested by:<br>Cuesta<br>WHEN RECORDED MAIL TO:<br>Farm Credit West, PCA<br>1178 Tama Lane<br>Santa Maria, CA 93455-1128<br>Advance Loan No. 8280878 | **DOC#: 2008015731** | **Titles: 1** | **Pages: 2** |
| | | Fees | 10.00 |
| | | Taxes | 0.00 |
| | | Others | 0.00 |
| | | PAID | $10.00 |

Customer Number: 0006282032
Customer Number: 0677739246                    Space Above This Line For Recorder's Use

## NOTICE OF ADVANCE UNDER DEED OF TRUST

**THIS NOTICE OF ADVANCE UNDER DEED OF TRUST IS GIVEN WITH REFERENCE TO THE FOLLOWING:**

**WHEREAS** Jafroodi Properties, L.P., a California Limited Partnership, is named as grantor/trustor (hereinafter "Grantor") in that certain deed of trust dated March 1, 2006, wherein Farm Credit West, PCA, is named trustee and beneficiary; which instrument was recorded on March 10, 2006, as Document No. 2006016648, County of San Luis Obispo, State of California;

**AND WHEREAS** the said deed of trust was given to secure the payment of promissory notes in the aggregate amount of $6,425,000.00, of various dates, and other obligations of the grantor recited therein, and evidenced on the books of Farm Credit West, PCA, as Loan No's. 3644715 and 3645010, Customer No. 0006282032, indexed under Clearwater Nursery, Inc.; and Loan/Customer No. 3832406/0677739246, indexed under Jafroodi Properties, L.P.;

**AND WHEREAS** the referred to deed of trust provides that the same is also given to secure the payment of such additional sum or sums that may there after be advanced by said beneficiary to grantor;

**NOW, THEREFORE, NOTICE IS HEREBY GIVEN** that Farm Credit West, PCA, has advanced to grantor an additional $106,600.00; that the said amount is payable with interest as prescribed in a promissory note dated March 24, 2008; that the said advance is acknowledged by the undersigned to be secured by the herein above referred to deed of trust pursuant to the provisions recited therein.

**FURTHER NOTICE IS HEREBY GIVEN** that the sum of the balance owing on the initial promissory note secured by the herein above referred to deed of trust, plus all subsequent advances, outlays and interest accrued thereon to the date hereof totals $7,781,981.81.

Dated: March 24, 2008

**Signatures of Grantor**

**Jafroodi Properties, L.P., a California Limited Partnership**

By: 906 Eucalyptus Nursery, LLC, a California Limited Liability Company, General Partner

By: _____
    Mahmood Jafroodi, Manager

*ASN 1232 - (4-95) Notice of Advance Under Deed of Trust

# ACKNOWLEDGMENT

State of California
County of __Ventura_____ )

On __March 26, 2008____ before me, __Darlene Marie Tardiff, Notary Public__
(insert name and title of the officer)

personally appeared ____Mahmood Jafrood____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

DARLENE MARIE TARDIFF
Commission # 1723890
Notary Public · California
Ventura County
My Comm. Expires Feb 4, 2011

Signature__Darlene Marie Tardiff____     (Seal)



# EXHIBIT 2

| Filing Ref.: Jafroodi Properties, | , a California Limited Partnership | Loan / Sup, | ment Number: | 8281424/101 |
| --- | --- | --- | --- | --- |
| | | | Customer Number: | 0677739246 |

## PROMISSORY NOTE AND SUPPLEMENT
## TO MASTER LOAN AGREEMENT

This Installment Loan Credit Facility Supplement (alternately, "Note" or "Supplement") to a Master Loan Agreement dated March 20, 2009 ("MLA") is established as of March 20, 2009 between the undersigned Borrower and Lender identified herein.

1. PROMISE TO PAY. For value received, the undersigned (collectively, "Borrower") as principals jointly and severally promise to pay to the order of Farm Credit West, PCA ("Lender"), a corporation organized and existing under the laws of the United States of America, with its office at 1178 Tama Lane, Santa Maria, CA 93455-1128 or at such other place as may be designated in writing by Lender, the principal sum of $1,250,000.00 (One Million Two Hundred Fifty Thousand Dollars and Zero Cents) together with interest as specified in this Supplement below. All defined terms used in this Supplement shall have the same meaning as set forth in the MLA. All Indebtedness owed hereunder shall be payable only in lawful money of the United States of America.

2. PAYMENTS.
Twenty-Five (25) Monthly interest only payments in the amount billed, beginning on May 01, 2009. Fifty-Nine (59) Monthly installments of principal and interest, in the amount of $23,025.33, beginning on June 01, 2011, plus a final installment of any amount necessary to pay the Indebtedness in full.

This Loan is due and payable in full on May 01, 2016 ("Maturity Date"), at which time Borrower shall pay the unpaid principal balance and all accrued interest in full.

At Lender's option, a change in the interest rate or an advance may either increase or decrease one or more of the following: the amount of each installment due, the amount of the final installment (resulting in a final installment due at the Maturity Date which may be greater than any previous installments) or the total number of installments due.

3. INTEREST.
3.1    INITIAL INTEREST RATE. The interest rate applicable to the Note is a Variable Interest Rate ("Variable Interest Rate") and shall change in accordance with Sections 3.2 through 3.3 below. Interest shall accrue at the variable interest rate as established by Lender for the interest rate group to which this Note is assigned.

Interest will be charged on the entire unpaid principal balance of this Note, including payments not made when due and any other sums owing hereunder. Interest charged hereunder, including any acceleration interest rate, all late charges, default interest and other charges, and all other amounts charged hereunder, shall not be limited by the laws of any state, including any state laws relating to a legal rate or other interest rate, but shall be governed solely by applicable federal laws.

Interest will be calculated on the basis of a 365-day year and the actual number of days in each month. Interest charges will begin on the date Lender disburses principal and continue until the Indebtedness is paid in full with interest. The initial interest rate in effect on this date is 4.00 % per annum ("Initial Interest Rate").

3.2    CHANGE IN INTEREST RATE AND INTEREST RATE GROUP. The Variable Interest Rate applicable to this Note may be adjusted automatically as of the first day of any month to the rate then made applicable to the Note's assigned interest rate group under the provisions of Lender's Variable Interest Rate Plan in effect at that time.

In adjusting the rate, Lender considers certain standard factors set forth in the plan, including but not limited to, changes in its costs of funds, operating expenses, earnings requirements to meet certain capital objectives, credit risk factors, and the competitive environment, which factors may change during the term of the Loan.

Borrower understands and agrees that (a) the interest rate group to which this Note is assigned may be changed at any time to any other interest rate group based on Lender's evaluation of the change in Borrower's credit quality, quality of collateral, costs of servicing the loan, and other factors which are set forth in Lender's

FILE COPY

shall reimburse Lender on demand for the amount thereof, regardless of whether such assessment arose from actions taken by Borrower.

**10. REAL ESTATE SECURED NOTE.** This Note is secured by a Security Instrument which describes how and under what conditions all amounts owed under this Note may become immediately due and payable. One of those conditions relates to any transfer of the property covered by the Security Instrument and to certain other transfers. Refer to each Security Instrument for the specific conditions and requirements. When the Security Instrument is a Deed of Trust, the Deed of Trust provides as follows:

> **DUE ON SALE OR TRANSFER.** In the event the herein-described Property, (including any existing or subsequently acquired or created Water Asset), or any part thereof, or any interest therein, is transferred or agreed to be transferred, without Beneficiary's prior written consent, all Indebtedness, irrespective of the maturity dates, at the option of the holder hereof, and without demand or notice, shall immediately become due and payable. As used herein, "transferred" means sold, conveyed, alienated, exchanged, transferred by gift, further encumbered, pledged, hypothecated, made subject to an option to purchase, or otherwise disposed of, directly or indirectly, or in trust, voluntarily or involuntarily, by Trustor or by operation of law or otherwise. Failure to exercise such option shall not constitute a waiver of the right to exercise this option in the event of subsequent transfer or subsequent agreement to transfer.

> If Trustor is an entity other than a natural person (such as a corporation or other organization), then all Indebtedness, irrespective of the maturity date, at the option of Beneficiary, and without demand or notice, shall become immediately due and payable if: (a) a beneficial interest in Trustor is transferred; (b) there is a withdrawal or removal of a general partner of a partnership or a manager of a limited liability company; (c) there is a transfer in the aggregate of more than 25% of the voting stock of Trustor, if Trustor is a corporation, or there is a transfer in the aggregate of more than 25% of the partnership interests or membership interests, if Trustor is a partnership, limited liability company or similar entity; or (d) Trustor is dissolved or its existence as a legal entity is terminated.

REPRESENTATIVES OF LENDER ARE NOT AUTHORIZED TO MAKE ANY ORAL AGREEMENTS OR ASSURANCES. DO NOT SIGN THIS AGREEMENT IF YOU BELIEVE THAT THERE ARE ANY AGREEMENTS OR UNDERSTANDINGS BETWEEN YOU AND LENDER THAT ARE NOT SET FORTH IN WRITING IN THIS AGREEMENT OR IN OTHER LOAN DOCUMENTS PERTAINING TO THIS LOAN.

Signature(s):

**Jafroodi Properties, L.P., a California Limited Partnership;**

**906 Eucalyptus Nursery, LLC, a California Limited Liability Company (Individually and in its capacity as General Partner of Jafroodi Properties, L.P.); and the**

**1980 Jafroodi Family Trust U/D/T dated November 13, 1980, as amended**

By: _____

Mahmood Jafroodi, in each of the following capacities: as
Manager of 906 Eucalyptus Nursery, LLC; and as Trustee
of the 1980 Jafroodi Family Trust

**INDORSEMENT** – The within Note is hereby indorsed by the payee named in the body of said Note as if the name of the payee were actually executed under the indorsement.

PAY TO THE ORDER OF U.S. AgBANK, FCB, Wichita, Kansas

B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br>OF CLEARWATER NURSERY, INC. | **DEFENDANTS**<br>FARM CREDIT WEST, FLCA, a cooperative lending institution<br>FARM CREDIT WEST, PCA, a cooperative lending institution<br>DOES 1-10, INCLUSIVE |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>METTE H. KURTH<br>FOX ROTHSCHILD LLP<br>1800 CENTURY PARK EAST, SUITE 300<br>LOS ANGELES, CA 90067 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>□ Debtor     ☒ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     ☒ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
RECOVER FRAUDULENT TRANSFERS: 11 U.S.C. §§ 544(b), 547(B), 548(a)1(B), and 550(a); Cal. Civ. Code §§ 3439.04(a),
3439.05 and 3439.07.

---

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [X] 12-Recovery of money/property - §547 preference
- [X] 13-Recovery of money/property - §548 fraudulent transfer
- [X] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [X] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ 5,095,500 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CLEARWATER NURSERY, INC. | BANKRUPTCY CASE NO.<br>9:15-BK-10251-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>NORTHERN | NAME OF JUDGE<br>DEBORAH J. SALTZMAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br><br>8/21/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Mette K rth |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Mette H. Kurth (SBN 187100)<br>FOX ROTHSCHILD LLP<br>1800 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone: 310.598.4150<br>Facsimile: 310.556.9828<br>E-mail:  mkurth@foxrothschild.com | |
| *Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>CLEARWATER NURSERY, INC.,<br><br><br><br>Debtor(s). | CASE NO.: 9:15-bk-10251-DS<br><br>CHAPTER: 11<br><br><br>ADVERSARY NUMBER: |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CLEARWATER NURSERY, INC.,<br><br><br>Plaintiff(s)<br>Versus<br>FARM CREDIT WEST, FLCA, a cooperative lending institution; FARM CREDIT WEST, PCA, a cooperative lending institution; and DOES 1-10, inclusive,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | **Place:**<br>☐  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☐  411 West Fourth Street, Santa Ana, CA 92701<br>☒  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                    Page 1                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.